UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK SPAGNOLA,

    Petitioner,

                                  Case No. 11-10329

v.

                                  Honorable Patrick J. Duggan

DEBRA SCUTT,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND GRANTING PETITIONER'S REQUEST FOR AN EXTENSION OF TIME TO RAISE HIS CLAIMS IN THE STATE COURTS

Frank Spagnola ("Petitioner"), a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is Petitioner's motion for reconsideration of the Court's order denying his request for the appointment of counsel. Petitioner also seeks an extension of the time in which he is required to raise his claims in the state courts. For the reasons stated below, the Court denies Petitioner's motion for reconsideration and grants the requested extension of time.

Petitioner argues that the unexhausted claims he plans to raise in the state courts require investigation that he cannot undertake due to his confinement. Petitioner states that because of the complexity of the case and the scientific evidence and tests involved, he requires the assistance of a trained attorney and investigator.

There is no constitutional right to counsel when seeking post-conviction relief in the

state courts. *Murray v. Giarratano*, 492 U.S. 1, 7-8, 109 S. Ct. 2765, 2768-69 (1989). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the Court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). The Court does not believe that a federal district court may appoint counsel to represent Petitioner in state court proceedings. The Sixth Circuit has held: "The rule is simple. The two representations shall not mix. The state will be responsible for state proceedings, and the federal government will be responsible for federal proceedings." *House v. Bell*, 332 F.3d 997, 999 (6th Cir. 2003). The Court notes that the Michigan Court Rules allow a trial court to appoint counsel to represent a defendant in post-conviction proceedings. *See* Michigan Court Rule 6.505. Petitioner should therefore direct his request for counsel to the Berrien County Circuit Court when he files his request for post-conviction relief.

Petitioner has also requested a sixty-day extension of the time in which he is required to file his request for post-conviction relief in the state courts. The Court shall grant this request. Petitioner is required to file his motion for post-conviction relief within **sixty (60) days** of the date of this Order.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration of the Court's order denying his request for the appointment of counsel is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for an extension of the time in which he must raise his unexhausted claims in state court is **GRANTED**. Petitioner must present his unexhausted claims to the state court within **sixty (60) days** of the date of

2

this Order.

                                 s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copies to:

Frank Spagnola, #459889
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

John S. Pallas, A.A.G.