UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK THOMAS SPAGNOLA,

      Petitioner,

v.                                                                       Case No. 11-10329
                                                                         Honorable Patrick J. Duggan

DEBRA SCUTT,

      Respondent.

_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO LIFT STAY, DIRECTING THE CLERK TO RE-OPEN THE CASE, AND REQUIRING RESPONDENT TO FILE ANY SUPPLMENTAL STATE COURT RECORD AND A RESPONSIVE PLEADING; (2) GRANTING PETITIONER'S MOTION TO AMEND CAPTION; (3) DENYING PETITIONER'S MOTION TO FILE OVERSIZED MEMORANDUM; AND (4) DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING**

Petitioner Frank Thomas Spagnola, a state prisoner presently confined at the

G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition

for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his first-

degree murder conviction. Respondent filed a motion to dismiss, arguing that

Petitioner failed to exhaust his state-court remedies. In an Opinion and Order

dated December 14, 2011, the Court denied Respondent's motion to dismiss and,

instead, held the petition in abeyance and stayed further proceedings pending

exhaustion of state-court remedies. The Court conditioned the stay on (1)

Petitioner presenting his unexhausted claims to the state courts within sixty (60)

days of the Court's order and (2) Petitioner returning to this Court within sixty (60) days of the conclusion of the state-court proceedings.  To avoid administrative difficulties, the Court closed this case for statistical purposes only.

On April 9, 2014, Petitioner filed a motion seeking to lift the previously entered stay. Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies.  *See, e.g.*, *Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009).  Petitioner states that he has now exhausted his state court remedies in accordance with the conditions of the stay by completing collateral review in state court.  Because Petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration.  Based upon the representations made in his motion, it appears that Petitioner complied with terms of the stay.  The Court therefore grants Petitioner's motion to lift stay.

Petitioner has also filed a motion to amend caption.  The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden.  *Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.  Debra Scutt is no longer the warden of the G. Robert Cotton Correctional Facility.  As such, the Court grants Petitioner's motion and the case caption shall be amended reflect Randall Haas as the Respondent.

Petitioner has filed a motion for leave to file oversized memorandum of law in support of petition, under Eastern District of Michigan Local Rule 7.1(d)(3)(A). Local Rule 7.1(d)(3)(A) concerns briefs filed in support of a motion or a response thereto.  Rule 2 of the Rules Governing § 2254 Cases does not contain any page limits for a habeas petition or supporting brief, nor do this Court's local rules. Accordingly, it is unnecessary for Petitioner to obtain the Court's permission to file a memorandum in excess of twenty pages.  Therefore, the Court denies the motion for leave to file excess pages as moot.

Finally, Petitioner has filed a motion for evidentiary hearing.  Petitioner's request for an evidentiary hearing is premature.  The rule governing evidentiary hearings in § 2254 cases provides that if a habeas petition is not dismissed prior to the filing of an answer by Respondent, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Rule 8(a), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.  Respondent has not yet filed an answer to the amended petition or the amended Rule 5 materials. Because the language of Rule 8(a) makes it clear that the determination of whether or not to hold an evidentiary hearing must be done after a court has the chance to review the answer and attendant Rule 5 materials, Petitioner's request for an evidentiary hearing comes too soon and his motion is denied.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to lift stay (ECF No. 15) is **GRANTED**, that the Amended Petition (ECF Nos. 18, 19) is accepted for filing, and that the Clerk of the Court shall re-open this case;

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of the petition for writ of habeas corpus and a copy of this Order on Respondent and the Michigan Attorney General by first class mail;

**IT IS FURTHER ORDERED** that Respondent shall file an amended answer responding to the allegations in the amended petition and shall file any supplemental state court records in accordance with Rule 5, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, within **ninety (90) days** of the date of this order;

**IT IS FURTHER ORDERED** that Petitioner shall have **forty-five (45) days** from the date that he receives the answer to file a reply brief should he choose to file one;

**IT IS FURTHER ORDERED** that Petitioner's motion to amend caption (ECF No. 16) is **GRANTED** and that the Clerk of the Court shall amend the caption to reflect that Randall Haas is the proper respondent in this case;

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to file oversized memorandum (ECF No. 17) is **DENIED**;

4

**IT IS FURTHER ORDERED** that Petitioner's motion for evidentiary

hearing (ECF No. 20) is **DENIED**.

Date:  June 16, 2014

                                    s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:

**Frank Spagnola**, 459889
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

**John S. Pallas, A.A.G.**